# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KERRI WHITE,**

    **Plaintiff,**

vs.

**VALIDUS SENIOR LIVING HOLDINGS, LLC,
VALIDUS SENIOR LIVING MANAGEMENT
COMPANY, LLC and COMMUNITY PAYROLL, LLC**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, KERRI WHITE, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendants, VALIDUS SENIOR LIVING HOLDINGS, LLC, VALIDUS SENIOR LIVING MANAGEMENT, COMPANY, LLC and COMMUNITY PAYROLL, LLC hereafter referred to as "DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff residents in Hillsborough County, Florida.

1

4. Defendants are Florida corporations, licensed and authorized to conduct business in the State of Florida and doing business within Hillsborough County.

5. Defendants are joint employers and/or a common or integrated enterprise.

## GENERAL ALLEGATIONS

6. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

8. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTS

10. Plaintiff began employment her with Validus Senior Living on or about April 25, 2017, in the position of Licensed Practical Nurse.

11. In January 2019, Plaintiff was promoted to the position of Associate Health and Wellness Director. On or about April 2019, Plaintiff learned that she was pregnant. Plaintiff immediately informed her boss.

12. In June 2019, Plaintiff inquired about FMLA leave and was told to hold off.

13. On or about July 23, 2019, Plaintiff was demoted.

14. On or about August 20, 2019, Plaintiff was approved for FMLA leave.

15. In late August 2019, Plaintiff met with Sharon from the home office who stated to her "I never processed your demotion".

16. Plaintiff was still getting paid the $24.00 per hour but payroll documents showed she was demoted back to LPN.

17. In October 2019, Plaintiff's hours were cut from full time to part time. Plaintiff was the only one affected.

18. Plaintiff had made plans for the month around the posted schedule.

19. Plaintiff was placed on the schedule on a day that she had already been approved for PTO.

20. The Health and Wellness Director knew about it as Plaintiff had told her that it was her baby shower and she had family flying in.

21. Plaintiff sent an email on October 3, 2019, regarding the recent changes to Plaintiff's scheduled.

22. On October 7, 2019, Plaintiff met with the Health and Wellness Director, Executive Director and Vice President of Association. After the meeting they placed Plaintiff back on the schedule, but the schedule was not same schedule as it used to be.

23. November 3, 2019, was Plaintiff's last day at work prior to going out on FMLA Leave.

24. Plaintiff's fingerprint didn't work to clock in/out. Plaintiff filled out a paper form and placed it under the Health and Wellness Director's door and in the Executive Director's mailbox. On November 12, 2019,

25. Plaintiff checked, and it was still not in the UltiPro system. Plaintiff was locked out of the UltiPro system as well.

26. On January 16, 2020, as Plaintiff was planning on returning from her maternity leave,

she received a call from the Health and Wellness Director who informed her that they were reassigning her to second shift.

27. Upon Plaintiff's return, she did not receive full time hours, was scheduled on the night shift until her attorneys sent a letter, has largely been ignored by her managers, and has suffered ongoing retaliation.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

28. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 27.

29. Defendants' actions interfered with Plaintiff's lawful exercise of her FMLA rights.

30. Defendants' actions constitute violations of the FMLA.

31. As a result of Defendants' unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for the following damages:

   a. Back pay and benefits;

   b. Interest;

   c. Liquidated damages;

   d. Attorney's fees and costs;

   e. Equitable relief;

   f. Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

32. Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 27.

33. Defendants retaliated against Plaintiff for asserting her FMLA rights.

34. Defendants' actions constitute violations of the FMLA.

35. As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 31st day of March 2020.

                                  FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff